UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY, | : : : | CASE NO. 1:16-CV-00699-MRB |
| | : | JUDGE MICHAEL R. BARRETT |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF'S RENEWED MOTION FOR CASE STATUS CONFERENCE** |
| UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, | : : : : | **ON PENDING MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | | |

In response to Plaintiff, MassMutual Ascend Life Insurance Company (formerly known as Great American Life Insurance Company)'s previous motion (Doc. No. 43) for a case status conference on its long-pending motion for summary judgment (Doc. No. 28), the Court stated that a "status conference, however, whether in person or by telephone, will not precipitate a ruling." Notation Order entered Nov. 8, 2023.

Given that almost five months have passed since that statement, Plaintiff respectfully renews its motion for the Court to set a soon as practicable a case status conference, in person or by telephone, to explore if additional oral argument, additional briefing re questions the Court may have, or referral to the magistrate judge under Rule 72(b)(1) of the Federal Rules of Civil Procedure might be of assistance to the Court in deciding this matter. Rule 72(b) seems to have been written expressly to provide assistance when needed to an overburdened District Court:

>  (b) Dispositive Motions and Prisoner Petitions.
> (1) *Findings and Recommendations.* A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a

1

>prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must immediately serve a copy on each party as provided in Rule 5(b).

Subsection (b)(2) then requires objections, if any, to be filed within 14 days, responses to any objections within another 14 days, and subsection (b)(3) requires the Court to review de novo only properly objected to parts of the magistrate judge's recommended disposition. In the absence of a proper objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Notes of the Advisory Committee on Rules – 1983 enactment of Rule 72.

    Respectfully submitted,

    */s/ Michael L. Cioffi*
    Michael L. Cioffi (0031098)
    Thomas H. Stewart (0059246)
    BLANK ROME LLP
    201 East Fifth Street, Suite 1700
    Cincinnati, Ohio 45202
    Phone: (513) 362-8700
    Fax: (513) 362-87/93
    Email: michael.cioffi@blankrome.com
    tom.stewart@blankrome.com

    David J Hensler (*pro hac vice*)
    Douglas S Crosno (*pro hac vice*)
    HOGAN LOVELLS US LLP
    555 Thirteenth Street, N.W.
    Washington, D.C. 20004-1109
    Phone: 202-637-5630
    Fax: 202-637-5910
    Email: david.hensler@hoganlovells.com
    douglas.crosno@hoganlovells.com

    *Attorneys for Plaintiff,*
    *MassMutual Ascend Life Insurance Company,*
    *formerly known as*

2

*Great American Life Insurance Company*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed this document with the Clerk of the Court using CM/ECF on March 27, 2024, which will automatically generate and serve Notices of Electronic Filing on all counsel of record.

                                                                                      */s/ Michael L. Cioffi*  
                                                                                     *Counsel for Plaintiff MassMutual Ascend Life Insurance Company, formerly known as Great American Life Insurance Company*