UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 1:16-cv-00699-MRB |
| v. | ) ) ) | Judge Michael R. Barrett |
| SECRETARY, UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANTS' MOTION TO DISMISS**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | KENNETH L. PARKER |
|  | United States Attorney |
|  |  |
|  | KIRK T. MANHARDT |
|  | Director |
|  | MARC S. SACKS |
|  | Senior Litigation Counsel |
|  |  |
|  | s/ Grace H. Ferraro |
|  | GRACE H. FERRARO |
|  | U.S. Department of Justice, Civil Division |
|  | 1100 L Street, N.W., No. 7214 |
| OF COUNSEL: | Washington D.C. 20044 |
|  | Tel. (202) 305-4652 |
| ANDREW S. CAULUM | Grace.Ferraro@usdoj.gov |
| Office of the Solicitor |  |
| U.S. Department of the Interior | MARGARET CASTRO (0078968) |
| 1894 C Street, NW | Assistant United States Attorney |
| Washington, D.C. 20240 | 221 East Fourth Street, Suite 400 |
|  | Cincinnati, Ohio 45202 |
|  |  |
| Dated: June 19, 2024 | Attorneys for the United States |

**TABLE OF CONTENTS**

Page

DEFENDANT'S MOTION TO DISMISS ...................................................................................1

MEMORANDUM IN SUPPORT .................................................................................................1

I.      INTRODUCTION ................................................................................................1

II.     STANDARD OF REVIEW ..................................................................................2

III.    ARGUMENT ........................................................................................................2

        A.    The Tucker Act grants exclusive jurisdiction to the Court of Federal Claims ........3

        B.    The "sue-and-be-sued" clause in Title II of the IFA does not grant jurisdiction to this Court..................................................................................................................4

        C.    GALIC's declaratory judgment claim does not give jurisdiction to this Court.......5

VI.    CONCLUSION .....................................................................................................6

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant, the Secretary of the United States Department of the Interior (Secretary), respectfully moves to dismiss Great American Life Insurance Company's (GALIC) Complaint because the Court lacks subject matter jurisdiction over GALIC's claims.

GALIC's remaining claims for breach of contract and declaratory judgment arise out of a Department of the Interior ("Interior")-issued loan guaranty contract, which GALIC purchased and then, within fifteen months, submitted a claim for loss of $20,043,618 to Interior. Because GALIC failed to maintain and produce legally required documentation that the guaranty was in effect, inter alia that the underlying loan was funded, Interior denied the loss claim and did not pay the guaranty. GALIC now asks this Court to enter judgment awarding it $20,043,618.

Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), and controlling Sixth Circuit precedent, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States that seek damages exceeding $10,000. And GALIC's Declaratory Judgment Act ("DJA") claim provides no independent basis for the Court's jurisdiction. Thus, the Court lacks subject matter jurisdiction over GALIC's two claims and must dismiss the Complaint.

The Motion is supported by the following Memorandum.

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

The Court is familiar with the facts of this case, which are set forth in numerous prior filings, including most recently the Secretary's Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 33 at PageID 399–415). GALIC demands that the Court declare that Interior breached the guaranty "contract" and seeks payment by the Secretary to GALIC of

1

$20,043,618 – an award of money damages. This Court previously dismissed all but two of GALIC's claims. (Order on Motion to Dismiss, ECF No. 20, PageID 211). What remains are Count One, in which GALIC claims "breach of contract" and explicitly demands "damages" (Complaint, ECF No. 1 at PageID 19–20) and Count Eight, in which GALIC demands a declaratory judgment "that the Agency is required under the Loan Guaranty to reimburse GALIC for its loss." (Complaint, ECF No. 1 at PageID 24).

## II.    STANDARD OF REVIEW

Rule 12(b)(1) allows a defendant to move for dismissal on the basis that the court lacks subject matter jurisdiction. When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Mich. S.R.R. v. Branch & St. Joseph Counties Rail Users Ass'n.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). A Rule 12(b)(1) facial challenge to subject matter jurisdiction questions the sufficiency of the pleading. In such cases, courts must accept the allegations in the complaint to be true. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).

## III.    ARGUMENT

The Court should dismiss GALIC's remaining claims against the Secretary because the Court lacks subject matter jurisdiction. First, the Tucker Act mandates that the Court of Federal Claims has exclusive jurisdiction over GALIC's breach of contract claim. Second, Interior's sue-and-be-sued clause does not give this Court jurisdiction over GALIC's claims. Moreover, because Congress has not given this Court jurisdiction over GALIC's declaratory judgment claim standing alone, that claim must be dismissed.

2

A.     **The Tucker Act grants exclusive jurisdiction to the Court of Federal Claims**

Section 1491(a)(1) of the Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).[1]

The Supreme Court and the Sixth Circuit have repeatedly held that the Tucker Act grants *exclusive* jurisdiction to the United States Court of Federal Claims[2] for contract claims seeking money damages against the United States exceeding $10,000 unless Congress has granted another court authority to hear claims. *See E. Enterprises v. Apfel*, 524 U.S. 498, 520 (1998) ("unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute," "the Court of Federal Claims has exclusive jurisdiction to renter judgment upon any claim against the United States for money damages exceeding $10,000" that is founded upon a contract with the United States); *Bowen v. Mass.*, 487 U.S. 879, 890 n.48 (1988) (Claims Court claims has exclusive jurisdiction over Tucker Act claims for more than $10,000 "to the extent that Congress has not granted any other court authority to hear the claims"); *Brott v. United States*, 858 F.3d 425, 429 (6th Cir. 2017) (for "non-tort claims for money damages against the United States in excess of $10,000 . . . . the Tucker Act vests in the Court of Federal Claims

---

[1] While not relevant here, the Little Tucker Act grants federal district courts concurrent jurisdiction with the Court of Federal Claims for non-tort claims for money damages under $10,000 against the United States. 28 U.S.C. § 1346(a)(2).

[2] From 1982 to 1992, the Court of Federal Claims was named the Claims Court.

3

*exclusive* jurisdiction to hear such claims"); *TransAmerica Assur. Corp. v. Settlement Cap. Corp.*, 489 F.3d 256, 263 (6th Cir. 2007) ("Contract claims against the government fall within the purview of the Tucker Act, 28 U.S.C. §§ 1346, 1491, and because the value of the claim in this case exceeds $10,000, the Court of Federal Claims has exclusive jurisdiction."); *A.E. Finley & Assocs., Inc. v. United States*, 898 F.2d 1165, 1167 (6th Cir. 1990) ("The Tucker Act governs non-tort claims against the United States founded on . . . contracts with the United States" and the Claims Court has "exclusive jurisdiction over all Tucker Act claims for more than $10,000,"); *Matthews v. United States*, 810 F.2d 109, 111 (6th Cir. 1987) ("The Tucker Act vests exclusive jurisdiction over money claims against the United States greater than $10,000 in the United States Claims Court. It is only under the terms of the Tucker Act that the United States waives its sovereign immunity to such claims, and this consent to suit is a jurisdictional prerequisite.") (citations omitted).

GALIC alleges that the "Agency's refusal to pay GALIC under the Guaranty constitutes a breach of contract" and seeks monetary damages exceeding $10,000. (Complaint, ECF No. 1 at PageID 19–20). As explained below, in the "sue-and-be-sued" clause in Title II of the IFA, Congress has not granted this Court authority to hear GALIC's contract claim. Therefore, pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over GALIC's breach of contract claim.

### B. The "sue-and-be-sued" clause in Title II of the IFA does not grant jurisdiction to this Court

Loan Guaranties are governed by Title II of the Indian Financing Act of 1974 ("IFA") (codified at 25 U.S.C. §§ 1481-99), which authorizes the Secretary to guarantee up to 90 percent

4

of the unpaid principal and interest due on loans to Indian entities or individuals "[i]n order to provide access to private money sources which otherwise would not be available." 25 U.S.C. § 1481. 25 U.S.C. § 1496(a), the sue-and-be-sued clause in Title II of the IFA, states that "the Secretary may . . . sue and be sued in his official capacity in any court of competent jurisdiction."

As we previously acknowledged, this provision waives sovereign immunity for a suit against the Secretary. (Motion to Dismiss, ECF No. 10, PageID 60). GALIC alleged that this provision grants this Court jurisdiction. (Complaint, ECF No. 1, PageID 5). While we also previously believed this to be correct (Motion to Dismiss Reply, ECF No. 17, PageID 169), intervening Supreme Court precedent has clarified that the sue-and-be-sued provision does not create a right to sue in this Court.

In 2017, the Supreme Court explained that courts must examine the specific language of an agency's sue-and-be-sued provision to determine whether it demonstrates congressional intent to confer subject matter jurisdiction. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 90 (2017). In *Lightfoot*, the Court analyzed Fannie Mae's sue-and-be-sued clause and held that the phrase "any court of competent jurisdiction" did not create a broad grant of subject matter jurisdiction to federal courts. *Id.* at 93. The Court held that the inclusion of the qualification "court of competent jurisdiction" in a "sue-and-be-sued" clause merely permits suit in any court already endowed with subject matter jurisdiction over a suit. *Id.* Thus, while § 1496(a) may waive the Secretary's sovereign immunity, it does not confer jurisdiction on this Court.

**C.    GALIC's declaratory judgment claim does not give jurisdiction to this Court**

GALIC's demand for a declaratory judgment that the "Agency is required under the Loan Guaranty to reimburse GALIC for its loss," (Complaint, ECF No. 1 at PageID 24) does not provide this court with an alternative basis for jurisdiction. It is controlling law in the Sixth

5

Circuit that "[t]he Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction. The Act only provides courts with discretion to fashion a remedy. Thus, before invoking the Act, the court must have jurisdiction already." *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citations omitted). In previously allowing GALIC's declaratory judgment claim to proceed, the Court recognized that "the contract claim provides the necessary independent basis for jurisdiction" over GALIC's declaratory judgment claim. (Order on Motion to Dismiss, ECF No. 20, PageID 209).

Because, as explained above, this Court does not have jurisdiction over GALIC's breach of contract claim, the "independent basis for jurisdiction" for GALIC's declaratory judgment no longer exists, and the Court must dismiss GALIC's declaratory judgment claim as the Court lacks subject matter jurisdiction over it.

## VI. CONCLUSION

Based upon the foregoing, we ask that the Court dismiss[3] GALIC's claims against the Secretary for lack of subject matter jurisdiction.

Dated: June 19, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

KENNETH L. PARKER
United States Attorney

KIRK T. MANHARDT
Director

MARC S. SACKS

---

[3] In the alternative, transfer may be appropriate pursuant to 28 U.S.C. § 1631.

Senior Litigation Counsel

s/ Grace H. Ferraro
Grace H. Ferraro
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 305-4652
Grace.Ferraro@usdoj.gov

OF COUNSEL:

ANDREW S. CAULUM
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Washington, D.C. 20240

MARGARET CASTRO (0078968)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202

Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served by ECF to all parties on record.

                                                 s/ Grace H. Ferraro
                                                 GRACE H. FERRARO